IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| OLE K. NILSSEN and GEO FOUNDATION, LTD., | ) ) ) | |
| Plaintiffs, | ) | No. 04 C 5363 |
| v. | ) ) | Judge Robert W. Gettleman |
| WAL-MART STORES, INC., COSTCO WHOLESALE CORP., HOME DEPOT, INC., MENARD, INC., LOWE'S HOME CENTERS, INC., IKEA ILLINOIS, LLC, TRUSERV CORP., and ACE HARDWARE CORP., | ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Compact fluorescent lamps ("CFLs") are those spiral shaped light bulbs that use much less electricity than conventional incandescent bulbs. Plaintiff Ole K. Nilssen ("Nilssen") held a number of patents on CFLs and exclusively licensed them to his not-for-profit Cayman Islands foundation, plaintiff Geo Foundation, Ltd. ("Geo") (together, "plaintiffs"). In July 2004, plaintiffs entered into a license agreement with Technical Consumer Products, Inc. ("TCP") under which TCP would manufacture "off-brand" CFLs.[1] That license agreement required Geo to bring litigation against the defendants in this action alleging that their sale of off-brand CFLs infringe Nilssen's patents.

_____

[1]"Off-brand CFLs" are defined in the license agreement as "any CFL not manufactured and/or sold by Philips, General Electric, Osram-Sylvania, or any of their successors."

In August 2004, plaintiffs filed this action, alleging infringement of seven patents.[2]  At the time plaintiffs filed the instant case, Nilssen was prosecuting another patent infringement suit against Osram Sylvania, Inc. ("Osram") before Judge Darrah of this court, in which Nilssen claimed infringement of six of the seven patents at issue in the instant case.  On July 6, 2006, after a six day bench trial, Judge Darrah issued an opinion holding that Nilssen's patents were unenforceable because of inequitable conduct by Nilssen in the Patent and Trademark Office ("PTO").  See Nilssen v. Osram Sylvania, Inc., 440 F. Supp.2d 884 (N.D. Ill. 2006).  In August 2006, defendants demanded in light of Judge Darrah's decision that Nilssen voluntarily dismiss the instant case and stipulate to an entry of judgment in defendants' favor.  Nilssen refused, and defendants filed a motion for summary judgment.  Thereafter, Nilssen did agree to stipulate to an adverse judgment on five of the seven patents involved in the instant case, but took the position that the sixth patent (the "'067 Patent") and the seventh that was not involved in the Osram case (the "'464 Patent") were not subject to collateral estoppel or otherwise invalid or unenforceable. This court disagreed, and on March 17, 2008, granted summary judgment to defendants on the '067 and '464 Patents, finding them to be unenforceable.

Meanwhile, in January 2007, Judge Darrah found that the Osram case was exceptional pursuant to the standards set forth in 35 U.S.C. § 285, and awarded attorneys' fees of some $5.5 million against plaintiffs Nilssen and Geo.  The Federal Circuit has affirmed Judge Darrah's decision on the merits and his award of attorneys' fees.  See Nilssen v. Osram Sylvania, Inc., 504 F.3d 1231 (Fed. Cir. 2007), Nilssen v. Osram Sylvania, Inc., 528 F.3d 1352 (Fed. Cir. 2008).

---

[2]United States Patent Nos. 4,857,806 (the "'806 Patent"); 5,233,270 (the "'270 Patent"); 5,343,123 (the "'123 Patent"); 5,510,680 (the "'680 Patent"); 5,510,681 (the "'681 Patent"); 5,341,067 (the "'067 Patent"); and 6,172,464 (the "'464 Patent").

Plaintiffs have not appealed the grant of summary judgment by this court on March 17, 2008. Apparently not wanting to see this case totally disappear, four of the defendants[3] in the instant action brought a motion for attorneys' fees and non-taxable costs, which is presently before the court. For the reasons discussed below, the court finds that this is an exceptional case under § 285 and grants defendants' request for an award of attorneys' fees and costs.

## DISCUSSION

The parties agree that a court deciding a § 285 motion must engage in a two step process to determine (1) whether the case is "exceptional," and (2) whether the court in its discretion should award attorneys' fees. See Phonometrics, Inc. v. Westin Hotel Co., 350 F.3d 1242, 1245-46 (Fed. Cir. 2003); Badalamenti v. Dunham's, Inc., 896 F.2d 1359, 1365 (Fed. Cir. 1990). The answer to these questions in the instant case is rather simple. The inequitable conduct that formed the basis of Judge Darrah's decision and the Federal Circuit's affirmance of that decision is the same inequitable conduct that underlies plaintiffs' prosecution of the instant case. Plaintiffs' principle defense to the instant motion for attorneys' fees and costs is that at the time it decided to resist defendants' motion for summary judgment it was appealing Judge Darrah's decision on the merits and had a good faith belief that they might succeed. According to plaintiffs, this was a "close" case based on "technical violations." Of course, "close" only counts in horseshoes, and plaintiffs' losses in the Osram litigation were complete and decisive.

This court sees no reason to revisit Judge Darrah's or the majority opinions in the Osram litigation. Far too much judicial resources have been devoted to this losing litigation. Plaintiffs

---

[3]The moving defendants are Wal-Marts Stores, Inc., Costco Wholesale Corp., Lowe's Home Centers, Inc. and IKEA Illinois, LLC.

have been found in the <u>Osram</u> case to have intentionally failed to inform the PTO of related

litigation, made materially false priority claims with the intent to mislead the PTO,

misrepresented that Nilssen was entitled to small entity status (allowing him to maintain his

patents for far less money than he would otherwise been required) and failed to cite material

prior art when prosecuting its patents with the PTO. Plaintiffs' conduct was intentional, material

and repeated. If this isn't an exceptional case, this court fails to see what is.[4]

      With respect to the exercise of discretion in awarding fees, plaintiffs complain that they

have been punished enough by the $5.5 million attorneys' fees award in the <u>Osram</u> case. This

argument loses sight of the primary purpose of § 285 litigation: to compensate defendants who

are forced to incur significant expenses in the defense of cases that never should have been

brought in the first place. This litigation falls into that category, and plaintiffs must pay the price

of their inequitable conduct both in this case and the <u>Osram</u> litigation.[5]

      For these reasons, the court grants the moving defendants' motion for attorneys' fees, and

directs those defendants to file a petition for fees which quantifies the amounts sought pursuant

---

[4]The court notes that Judge Norgle recently reached a similar conclusion in <u>Nilssen v. General Electric Co.</u>, 06 C 4155 (November 17, 2008), and awarded fees pursuant to §285.

[5]Because the court finds that this case is exceptional and that an award of fees is appropriate, it does not reach defendants' collateral estoppel argument.

to Local Rule 54.3 on or before December 22, 2008. This matter is set for a report on the status of the fee petition on December 30, 2008 at 9:00 a.m.

**ENTER:**     **November 24, 2008**

Robert W. Gettleman
United States District Judge