UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

|  |  |  |
|---|---|---|
| OLE K. NILSSEN and<br>GEO FOUNDATION, LTD., | )<br>)<br>)<br>)<br>) |  |
| Plaintiffs, | ) | No. 04-C-5363 |
| v. | )<br>) | Honorable Judge Robert Gettleman |
| WAL-MART STORES, INC., COSTCO<br>WHOLESALE CORP., HOME DEPOT,<br>INC., MENARD, INC., LOWE'S HOME<br>CENTERS, INC., IKEA ILLINOIS, LLC,<br>TRUSERVE CORP., and ACE<br>HARDWARE CORP., | )<br>)<br>)<br>)<br>)<br>) |  |
| Defendants | )<br>) |  |

**CORRECTED DECLARATION OF GARY W. SMITH
IN SUPPORT OF PETITION OF WAL-MART STORES, INC.
FOR REASONABLE ATTORNEYS' FEES AND EXPENSES**

I, Gary W. Smith, declare as follows:

1. I am a partner in the law firm of Posternak Blankstein & Lund LLP, and am lead counsel for defendant Wal-Mart Stores, Inc. ("Wal-Mart") in the above-captioned case. A copy of my biography from my firm's website is attached as Exhibit A.

2. I make this declaration in support of Wal-Mart's Petition for Reasonable Attorneys' Fees and Expenses. I have personal knowledge of the facts stated herein and, if called as a witness, could competently testify thereto.

3. The Court granted Defendants' Motion for Attorney's Fees in this case, having found that this is an exceptional case under 35 U.S.C. § 285.

4. Wal-Mart seeks reimbursement of a total of $483,925.36 in attorneys' fees and $30,188.89 in expenses necessarily and reasonably incurred in connection with this case through March 2009.[1]

5. Posternak has been the lead law firm for Wal-Mart in this litigation. In addition to Posternak, three other law firms have provided limited legal services in connection with this matter, as follows:

- Schuyler, Roche & Zwimer, PC (Chicago, Illinois) ("SRZ") represented Wal-Mart as local counsel.

- Wood, Phillips, Katz, Clark & Mortimer (Chicago, Illinois) ("Wood Phillips") provided opinion and analysis work relating to the patents in suit.

- Lowrie, Lando & Anastasi, LLP (Cambridge, Massachusetts) ("Lowrie, Lando") provided opinion and analysis work relating to the patents in suit.

6. Attached hereto as Exhibit B is a brief summary of all expenses for which Wal-Mart seeks reimbursement.

7. Attached hereto as Exhibit C is a summary of all hours billed by each attorney and other legal professional on this matter by year (2004 through March 2009), and their respective billing rates.

8. Attached hereto as Exhibit D are copies of narrative sections of invoices submitted by Posternak in connection with this matter, which describe the services provided by each attorney and other legal professional.

---

[1] Wal-Mart reserves the right to submit reasonable fees and expenses beyond March 2009 incurred in bringing this fee petition.

9. Attached hereto as Exhibit E are copies of narrative sections of invoices submitted by SRZ, Wood Phillips, and Lowrie, Lando in connection with this matter, which describe the services provided by each of their respective attorneys and other legal professionals.

10. Wal-Mart products at issue in this case were supplied by Lights of America ("LOA"). Pursuant to an indemnification and defense agreement between Wal-Mart and LOA, the attorneys' fees and expenses incurred in this matter were billed to and paid by LOA.

11. Posternak is a mid-sized law firm of approximately 55 attorneys, and is well respected for its legal work. I am a partner in the firm and chair of the firm's intellectual property practice. I have been practicing in the area of intellectual property for approximately 20 years.

12. The tasks assigned to each of the members of the defense team were commensurate with their respective experience and skill sets. I was the attorney with overall responsibility for this defense, and worked with the other legal professionals to defend Wal-Mart during the course of this patent infringement action.

13. The plaintiffs have previously indicated their agreement that the hourly rates charged by defense counsel in connection with this matter are reasonable.

Pursuant to 28 USC § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.

DATED: April 10, 2009

                                                                 s/ Gary W. Smith
                                                                 Gary W. Smith